**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> LANCELOT INVESTORS FUND, L.P., *et al.* <br><br> Debtor, <br><br>——————————————————— <br><br> RONALD R. PETERSON, as Chapter 7 Trustee for Lancelot Investors Fund, L.P., *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> HANS IMHOF, WELLS L. MARVIN, THE RUSSELL ELDON HATLE AND LORRAIN LOUIS HATLE REVOCABLE TRUST, THE L. HATLE TRUST, DATED DECEMBER 30, 1991, JEFFREY WOLFER, KEVIN WOLFER, GREGG WOLFER, and KENNEDY FUNDING, INC., <br><br> Defendant. | No. 12 C 04579 <br> Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Ronald R. Peterson, as the Chapter 7 Trustee for the estate of Lancelot Investors Fund, L.P., *et al.*, has brought this action against Defendants Hans Imhof, Wells L. Marvin, the Russell Eldon Hatle and Lorraine Louise Hatle Revocable Trust, the L. Hatle Trust, Dated December 30, 1991, Kennedy Funding, Inc., Jeffrey Wolfer, Kevin Wolfer, and Gregg Wolfer. The action is for, *inter alia*, breach of contract, unjust enrichment, turnover of property pursuant to 11 U.S.C. § 542(a), violation of automatic stay pursuant to U.S.C. § 362, and conversion.

1

Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), improper venue pursuant to Fed.R.Civ.P. 12(b)(3), and failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In accordance with a properly asserted forum selection cause calling for this action to be heard in the state or federal courts of New Jersey, Defendants' motion to dismiss for improper venue is granted. Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim are therefore denied as moot.

## BACKGROUND

In October 2007, Defendant Kennedy Funding, Inc., as agent for certain unnamed lenders (the "Co-Lenders"), entered into a Loan and Security Agreement ("Loan Agreement") with Clearwater Development, Inc. ("Clearwater") wherein the Co-Lenders agreed to loan Clearwater up to approximately $47 million. The loan was secured by certain real property. At the same time, Defendants Hans Imhof, Wells L. Marvin, the Russell Eldon Hatle and Lorraine Louise Hatle Revocable Trust, and the L. Hatle Trust, Dated December 30, 1991 (the "Guarantors") executed a guaranty of the loan (the "Guaranty") wherein Mr. Imhof guaranteed $6 million of the loan, Mr. Marvin guaranteed $11 million of the loan, and the two trusts collectively guaranteed $6 million of the loan.

In November 2007, Kennedy Funding entered into a "Co-Lenders Agreement" with KD8, LLC ("KD8") and several other co-lenders, wherein KD8 and the other co-lenders agreed to participate in the loan to Clearwater. They thus became the unnamed lenders referenced in the Loan Agreement. KD8, for its part, acquired 43.52% of the loan.

In October 2008, KD8 and eighteen related entities filed for Chapter 7 bankruptcy protection in the bankruptcy court for the Northern District of Illinois. That case is being

administered under the caption *In re Lancelot Investors Fund, L.P., et al.*, Case No. 08-28225. Plaintiff Ronald R. Peterson was appointed Trustee of KD8 and the other debtors.

Clearwater has been in default for nonpayment of the loan since January 2009. Apparently without KD8's knowledge, however, in June 2009 Kennedy Funding entered into a new agreement with the Guarantors (the "Modification of Guaranty") that essentially relieved the Guarantors of their obligation under the Guaranty in return for $500,000 and a promise to fund upkeep of the real estate collateral in the amount of $3 million. Plaintiff, as Trustee for KD8, now brings this action against both the Guarantors and Kennedy Funding. Against the Guarantors, Plaintiff brings an action for breach of contract, declaratory relief holding that the Guarantors are still obligated under the Guaranty, and avoiding post-petition transfer of the estate's property right to collect from the Guarantors on the Guaranty. Against Kennedy Funding, Plaintiff brings an action for breach of contract, unjust enrichment, turnover of property, violation of automatic stay, and conversion.

## DISCUSSION

Kennedy Funding and the Guarantors both assert that this action should be brought, if at all, in the state or federal courts of New Jersey. The Loan Agreement contains a forum selection clause which reads in relevant part: "[a]t lender's election, to be entered in its sole discretion, any legal suit, action or proceeding against borrower or lender arising out of or relating to this note or the other loan documents shall be instituted in any federal or state court in New Jersey."

The first paragraph of the Loan Agreement makes clear that the unnamed lenders *and* the "Agent" (Kennedy Funding) are, for purposes of the Agreement, collectively referred to as "Lender." As a subsequently named lender, KD8 is clearly a "partially disclosed principal" and

a party to the Agreement under New Jersey law,[1] a point that should put to rest both defendants' challenges to Plaintiff's standing to bring this suit. *See African Bio-Botanica, Inc. v. Leiner*, 264 N.J. Super. 359, 364 (App. Div. 1993) ("if the other party has notice that the agent is or may be acting for a principal but has no notice of the principal's identity, the principal for whom the agent is acting is a partially disclosed principal); *McBride v. Minstar, Inc.*, 283 N.J. Super. 471 (Law Div. 1994) ("unless otherwise agreed, a disclosed or partially disclosed principal is a party to a contract made by his agent within his authority"); Restatement (Second) of Agency § 4 (1958). KD8 is thus part of the lender collective for purposes of the Loan Agreement. And Kennedy Funding, although an "agent," is also clearly meant to be included in the lender collective.

Accordingly, the lender collective, in whose sole discretion the forum selection clause may be asserted, is of two minds as to whether to assert it. Kennedy Funding says yes; KD8 says no. The Loan Agreement, however, does not expressly require unanimity among the lender collective to assert the forum selection clause, and I will not read such a requirement into its language. By its terms, Kennedy Funding is a "lender" under the Loan Agreement. Kennedy Funding may thus properly assert the forum selection clause.

It is well-settled that contractual forum selection clauses are prima facie valid, *see M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), and the parties do not dispute the validity of the forum selection clause here. Rather, Plaintiff argues that at least some of the claims he has brought simply do not fall under the reach of the forum selection clause, that is, they do not arise out of or relate to the Loan Agreement. I turn then to the meaning of the clause.

This forum selection clause is worded broadly, encompassing "any legal suit, action or

---

[1] All parties agree that New Jersey law governs this suit.

proceeding" that arises out of or relates to the Loan Agreement. Other courts in this District have noted that the inclusion of the term "relating to" in addition to "arising out of" is not mere surplusage, but rather broadens the reach of the clause to cover a much wider scope of disputes. *See, e.g., Methode Electronics, Inc. v. Delphi Automotive Systems, LLC*, 639 F.Supp.2d 903, 908-09 (N.D.Ill. 2009); *Ward Enterprises, Inc. v. Bang & Olufsen America*, 2004 WL 830461, *2 (N.D.Ill. April 15, 2004).

Plaintiff asserts that the claims he has brought against Kennedy Funding are for breach of the Co-Lender's Agreement, which contains no forum selection clause, and that the forum selection clause in the Loan Agreement is "completely inapplicable." But this is contrary to the Loan Agreement's terms. The Co-Lender's Agreement allegedly obligates Kennedy Funding to distribute certain payments it has received or will receive by virtue of the Loan Agreement to KD8. It is no stretch to say that a suit over the former "relates" to the latter. Similarly, a suit brought over the Guaranty, which allegedly obligates the Guarantors to guarantee the loan provided for in the Loan Agreement, also relates to the Loan Agreement.

Though the argument is underdeveloped, Plaintiff also asserts that I may nevertheless find proper venue in the Northern District of Illinois under 28 U.S.C. § 1404(a), independent of the forum selection clause. To be sure, the Supreme Court has held that a "forum selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration…nor no consideration." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). In *Stewart*, the Court noted that the "broad discretion" accorded district courts with respect to changes of venue under § 1404(a) could conceivably lead a district court to refuse to transfer a case "notwithstanding the counterweight of a forum selection clause." *Id.* at 30-31; *see also In re HA-LO Industries, Inc.*, 2003 WL 21982145, *1-2 (N.D.Ill.

Aug. 19, 2003); 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3847.

Be that as it may, I see no reason here to exercise that discretion in contravention of both the will of the majority of the parties to the suit and the forum selection clause to which all parties agreed. Because Kennedy Funding, a lender under the Loan Agreement, has elected to assert the Agreement's forum selection clause, and because the claims brought by Plaintiff relate to the Loan Agreement, this action should be heard in the state or federal courts of New Jersey.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for improper venue is granted. Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim are denied as moot.


ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 9, 2012